IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 7 2008

GREGORY C. LANGHAM
           CLERK

Civil Action No. 07-cv-02047-BNB

ANTHONY L. SANFORD,

Applicant,

v.

FRED FIGUEROA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant Anthony L. Sanford is a prisoner in the custody of the Oklahoma Department of Corrections at the Northfork Correctional Facility in Sayre, Oklahoma. He has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his November 20, 1998, State of Colorado conviction and sentence. On November 5, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Sanford to show cause within thirty days why the Application should not be denied as time-barred pursuant to 28 U.S.C. § 2244(d). Mr. Sanford submitted a Response on November 23, 2007.

The Court must construe liberally the Application and the Response because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Sanford states that he was convicted on November 20, 1998, in the Denver District Court, on charges of aggravated robbery, second degree kidnapping, and theft in Case No. 98-CR-2142. Mr. Sanford further states that he filed a direct appeal, in which the Colorado Supreme Court denied his petition for a writ of certiorari on September 12, 2001. Applicant also asserts that he filed at least four postconviction motions.

Magistrate Judge Boland determined that although Mr. Sanford did not file a petition for a writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied his appeal to do so. *See* Sup. Ct. R. 13. Therefore, figuring from September 13, 2001, the day after the writ for certiorari was denied, his conviction became final December 11, 2001, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). In the Response, Mr. Sanford asserts that he had a postconviction motion pending in state court from January 18, 2002, until June 10, 2002; from June 28, 2002, until July 7, 2002; from September 10, 2003, until October 7, 2005; and from October 18, 2005, until October 7, 2007. Applicant also states in the Response that he had a § 2254 habeas application pending in this Court from September 25, 2002, until January 14, 2004.

Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

2

> to the judgment of a State court. The limitation period shall
> run from the latest of—
>
>> (A) the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing
>> an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>>
>> (D) the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

If the Court considers the state postconviction motions as properly filed the one-year limitation period was tolled during the time the postconviction motions were pending. However, from December 12, 2001, the day after the judgment of conviction became final, until January 17, 2002, the day prior to when Applicant filed his first postconviction motion, counts against the one-year limitation period. Also, the time from June 11, 2002, until June 27, 2002; from July 8, 2002, until September 9, 2003;

3

and from October 8, 2005, until October 17, 2005, counts against the one-year limitation period. Therefore, the total time a postconviction motion was not pending in state court is 493 days, well over one year.

In the Application, Mr. Sanford does not allege that there are any constitutional rights newly recognized by the Supreme Court that apply to his case, or that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal. He also does not assert that there were any impediments to filing an application which were created by state action. The one-year limitation period in § 2244(d), however, is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). Nonetheless, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See id.*

In the Response, Applicant contends that because he had a federal habeas pending from September 25, 2002, until January 14, 2004, the time is tolled for purposes of § 2244(d), and the instant Application is timely. Contrary to Mr. Sanford's arguments, the time during which his first 28 U.S.C. § 2254 motion was pending in this Court does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of

28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition").

In 2004, however, the United States Supreme Court found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Applicant did file a "Motion to Delay Judgment," in his previous § 2254 application in which he requested that the Court delay any ruling on his habeas and "return jurisdiction to the Denver District Court for exhaustion of all state remedies." *See Sanford v. Furlong, et al.*, No. 02-cv-01846-MSK-PAC, Doc. No. 15 (D. Colo. Jan. 14, 2004). The court, in Case No. 02-cv-01846, did not address the motion to delay because the application and action were dismissed without prejudice so Mr. Sanford could attempt to exhaust his state remedies. *Id.*

Even if the Court were to find that *Pliler* is retroactive and applies to Applicant's previous § 2254 application, Applicant must have established "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. Upon review of Applicant's previous § 2254 action, the Court finds that he failed to state good cause in his motion for delay in the judgment. He simply stated that the State of Colorado allows three years for a defendant to file for postconviction relief and that he desired to return to the state court to exhaust his state court remedies. *Sanford*, No. 02-cv-01846-MSK-PAC at Doc. No. 15.

5

Mr. Sanford also stated in the motion for delay that he filed the § 2254 application before he filed a postconviction motion in order to comply with the one-year filing requirement under the Antiterrorism and Effective Death Penalty Act of 1996. *Id.* at 15. It appears that Applicant did not understand the tolling provisions of § 2244(d) when he elected to return to the state court to pursue a postconviction motion. Nonetheless, the Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Therefore, the Court finds that the Application is barred by the one-year limitation period. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 6 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02047-BNB

Anthony L Sanford
Reg. No. 99681
Oklahoma - North Fork Correctional Facility
1605 E. Main
Sayre, OK 73662

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/7/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk