IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02047-ZLW

ANTHONY L. SANFORD,

Applicant,

v.

FRED FIGUERO, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2008

GREGORY C. LANGHAM
                    CLERK

ORDER DENYING MOTION FOR RELIEF
PURSUANT TO FED. R. CIV. P. 60(b)

On June 19, 2008, Applicant Anthony L. Sanford filed a *pro se* "Petition for Relief from Order of Dismissal Pursuant to Rule 60(b)(4) and (6) Fed. R. Civ. P." The Court must construe the Petition liberally because Mr. Sanford is a *pro se* litigant. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless for the reasons stated below, the Petition will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion for relief from a dismissal filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at

1243. Mr. Sanford's Petition for Relief, which was filed more than ten days after the Court's Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court determined that the one-year limitation ran from December 12, 2001, the day after Applicant's conviction became final, until January 17, 2002, the day prior to when Mr. Sanford filed his first postconviction motion, because Applicant did not have a postconviction motion pending in state court during this time. Also, the Court found that from June 11, 2002, until June 27, 2002, from July 8, 2002, until September 9, 2003, and from October 8, 2005, until October 17, 2005, the time counts against the one-year time limitation under § 2244(d). The Court, therefore, concluded that a postconviction motion was not pending in state court for 493 days.

Mr. Sanford failed to assert in either the Application or the Response an extraordinary circumstance beyond his control that made it impossible for him to file a timely § 2254 application. Applicant, however, did argue that because he had a previous 28 U.S.C. § 2254 application pending in this Court from September 25, 2002, until January 14, 2004, the time is tolled for purposes § 2244(d). Mr. Sanford's argument was found to be without merit because the time during which a § 2254 action is pending in this Court does not toll the one-year limitation period under § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

In the Petition for Relief, Mr. Sanford does not dispute the Court's calculation of the time during which he did not have a postconviction motion pending in state court. To the contrary in the Petition, Applicant provides a chronological listing of the same dates that this Court identified in the Order to Show Cause and the Order of Dismissal as the time that he did not have a postconviction motion pending in state court, which is a total of more than one year.

Applicant, however, does assert in his Petition for Relief that in his previous habeas application, *Sanford v. Furlong, et al.*, No. 02-cv-01846-MSK-PAC (D. Colo. Jan. 14, 2004) (unpublished), the court chose to dismiss the action well after the § 2244(d) one-year limitation had passed causing Applicant to be foreclosed from any future habeas relief. Mr. Sanford further contends that the court in his previous habeas action should have allowed him to chose between proceeding with his application or exhausting his state remedies and losing the ability to return to the federal court. (Pet. at 5.)

In the previous habeas action, Magistrate Judge Patricia A. Coan determined in her recommendation to District Judge Marcia S. Krieger that under the Anti-Terrorism Effective Death Penalty Act (AEDPA) a state prisoner must file his federal habeas application within one year after his conviction becomes final. *Sanford*, No. 02-cv-01846-MSK-PAC, Doc. 19 at 3. Magistrate Judge Coan also found that the one-year limitation period is tolled during the time a properly filed state post conviction motion is pending. *Id.* This Court, therefore, finds that prior to the dismissal of Mr. Sanford's previous habeas application he was informed by the court of the § 2244(d)

3

requirements and knew of the consequences of the dismissal of the application but failed to raise the issue of a time-bar under § 2244(d).

Also, as found by the Court in the Order of Dismissal in the instant action, Mr. Sanford did not establish good cause for failing to exhaust his state court remedies, which if he had there may have been merit to staying the previous habeas action while he sought to exhaust his state court remedies. Furthermore, a court is not required to give warnings to *pro se* litigants who may be subject to a time-bar under 28 U.S.C. § 2244(d) if they elect to return to state court to exhaust state-court remedies. See *Pliler v. Ford*, 542 U.S. 225, 231 (2004). The instant Application, therefore, is untimely under 28 U.S.C. § 2244(d), and the Petition for Relief will be denied. Accordingly, it is

ORDERED that the Petition for Relief, (Doc. No. 11), filed June 19, 2008, pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 17 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02047-BNB

Anthony L Sanford
Prisoner No. 99681
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk